UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY REAVES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF CORRECTION, ET AL.,[1] )<br>)<br>Defendants. ) | CIVIL ACTION<br>NO. 15-40100 |

**PLAINTIFF'S TRIAL BRIEF AND INCORPORATED MOTION TO BIFURCATE TRIAL AND CONTINUE BENCH TRIAL**

Plaintiff Timothy Reaves, by and through the undersigned counsel, hereby submits this trial brief.

**I.    CLAIMS TO BE TRIED AND THEIR SCOPE.**

At this time, this action is best conceived of as having three components: claims against the Medical Defendants[2], which are settling, damages claims against certain DOC Defendants[3] based on conduct leading up to July 15, 2016, which will be tried to the jury, and claims for injunctive relief against certain DOC Defendants[4] for present conditions, which will be tried to the Court unless they are rendered moot by Mr. Reaves's transfer to a hospital. As explained further below, Plaintiff moves for this Court to bifurcate the jury trial from the bench trial, and to continue the bench trial, for the sake of an efficient resolution of this matter.

---

[1] Thomas Turco, Carol Higgins O'Brien, Stephanie Collins, Pamela MacEachern, Michael Rodrigues, John Morin, Sheila Kelly, Massachusetts Partnership for Correctional Healthcare, MHM Correctional Services, Thomas Groblewski, Khalid Khan, Bonnie Damigella, Geraldine Somers, Leigh Pariseau, Julie Ireland, Diana Garcia, Maria Angeles, Elizabeth Louder, and Cindy Slocum.
[2] Massachusetts Partnership for Correctional Healthcare, MHM Correctional Services, Thomas Groblewski, Khalid Khan, Bonnie Damigella, Geraldine Somers, Leigh Pariseau, Julie Ireland, Diana Garcia, Maria Angeles, Elizabeth Louder and Cindy Slocum.
[3] Department of Correction, Stephanie Collins, Pamela MacEachern, Michael Rodrigues, and John Morin.
[4] Department of Correction, Thomas Turco, Stephanie Collins, and Sheila Kelly.

1

### A. **Claims Against the Medical Defendants Are Settling.**

As stated in the Joint Notice of Intent to Settle filed with this Court last week (ECF No. 242), Plaintiff and the Medical Defendants have agreed to terms on a settlement of all claims involving those Defendants. At this time, the final settlement documents are being executed by the parties. The only remaining task is for undersigned counsel to resolve an improperly asserted lien from MassHealth. Once that matter is resolved, the parties will file stipulations of dismissal.

This settlement will result in the dismissal of Counts XII (MCRA) and XIII (Medical Malpractice) in their entirety, and in the dismissal of the Medical Defendants from the remaining counts in which they were named, including Counts I, II, VI, VII, and XIV.

### B. **Claims Against the DOC Defendants for Past Harm Are Being Narrowed.**

For the damages claims, Plaintiff is prepared to drop certain counts and Defendants, in light of the evidence and in order to make the jury trial more efficient, as follows:

1. Plaintiff will not be pursuing any claims against Defendant Carol Higgins O'Brien.

2. Defendants Thomas Turco and Sheila Kelly are only named for purposes of the injunctive claims; no damages are being sought from them.

3. Plaintiff will not be pursuing damages on Count I (Eighth Amendment – medical care) or Count II (Article 26 – medical care). Plaintiff will continue to seek injunctive relief for those claims, as discussed below.

4. Plaintiff will not be pursuing damages against Defendants Stephanie Collins or John Morin on Count XIV (intentional infliction of emotional distress). Plaintiff will pursue that claim only against Defendants Pamela MacEachern and Michael Rodrigues.

In addition, Plaintiff recognizes that several of his claims have companion claims that apply the same legal standard, for purposes of this case. These groups include:

- Counts III (ADA) and IV (Rehabilitation Act);
- Counts VI (Eighth Amendment – conditions) and VII (Article 26 – conditions);
- Counts VIII (Eighth Amendment – failure to protect) and IX (Article 26 – failure to protect); and
- Counts X (Fourteenth Amendment – due process) and XI (Articles 1, 10, 12 – due process).

Assuming that the counts listed below are not being dismissed by the Court at summary judgment, while their companion claims survive, and as long as the DOC Defendants are not asserting unique defenses against these claims (but not their companions), Plaintiff expects to assert at trial only the following claims out of each pair:

- Count IV (Rehabilitation Act) against DOC;
- Count VI (Eighth Amendment – conditions) against Defendants MacEachern, Rodrigues, and Morin;
- Count VIII (Eighth Amendment – failure to protect) against Defendant MacEachern; and
- Count X (Fourteenth Amendment – due process) against Defendants Collins, MacEachern, Rodrigues, and Morin.

Those would be the claims for the jury trial, along with Count V (Article 114) against Defendants MacEachern, Rodrigues, and Morin, and Count XIV (intentional infliction) against Defendants MacEachern and Rodrigues, as discussed above.

With respect to these damages claims, Plaintiff Reaves intends to present evidence for the period ranging from Mr. Reaves' arrival at Bridgewater State Hospital (January 20, 2011) (subject to the Court's summary judgment ruling on whether the limitations period will extend to that date) to July 15, 2016.  Plaintiff will not be seeking damages for any conduct after that date.

### C. Claims Against the DOC Defendants for Present Harm Are Potentially Moot.

Plaintiff also seeks injunctive relief on several counts:

- Counts I and II (medical care) against Defendants Turco and Collins;
- Counts III and IV (ADA and Rehabilitation Act) against Defendant Department of Correction;
- Count VI (Eighth Amendment – Conditions) against Defendants Turco, Collins, and Kelly; and
- Count X (Fourteenth Amendment – Due Process) against Defendants Turco, Collins, and Kelly.

The evidence relevant to these injunctive claims, which concern what is happening presently, is irrelevant to the damages claims.  Some of the evidence for the injunctive claims is already before the Court in the summary judgment filings.  Plaintiff expects that counsel for both sides could confer and determine which additional witnesses or exhibits should be presented to the Court for these injunctive claims.

It bears noting, however, that Plaintiff's injunctive claims will all become moot if Mr. Reaves is no longer in a DOC facility.  Mr. Reaves is presently seeking medical parole to a state hospital, pursuant to the recently enacted M.G.L. c. 127 § 119A.  That petition is pending, and a decision has been postponed while Plaintiff's counsel works with the Department of Public Health to navigate its process for deciding whether to admit Mr. Reaves to an inpatient setting.

If the DPH does agree to admit Mr. Reaves, and if Mr. Reaves is granted medical parole, he would be housed outside of a DOC facility.  As such, the aforementioned claims for injunctive relief would no longer require decision.

### D.  **Motion to Bifurcate Trial and to Continue the Bench Trial.**

Local Rule 16.5(e)(6) identifies as one issue for the pretrial conference, whether to bifurcate the issues to be tried.  In this case, it makes sense for all involved to bifurcate the damages claims from the injunctive claims for purposes of trial.  First, as between these two types of claims, the evidence does not overlap significantly, particularly given that Plaintiff is seeking damages for alleged wrongdoing only up until July 15, 2016, two years ago.  In addition, the claims being tried are not identical, nor are the individual Defendants named.

It would be less confusing to jurors for them not to hear evidence concerning present-day events that have no bearing on the matters they will be deciding.  Separating the evidence on the injunctive claims from the damages claims will also shorten the length of trial for the jurors, creating less of an imposition on them.

Bifurcation of the trial, and a continuance of the bench trial on the injunctive claims, would also allow for the medical parole and hospital admission processes to play out.  The parties in this case do not control the Department of Public Health or its timetable for making a decision.  It is understandable, though unfortunate, that this evaluation process would take some time, as the medical parole law was only enacted a few months ago, and the agency has never had to field a request like this one before, to admit a convicted prisoner in the event that he is granted medical parole.

If Mr. Reaves is accepted to a state hospital as an inpatient, and is granted a medical parole to do so, he will be out of custody.  As such, Plaintiff's claims for injunctive relief against

the DOC Defendants would all become moot, as the DOC would not control Mr. Reaves' medical care, disability accommodations, living conditions, or discipline. Plaintiff concedes that there would be no need for the bench trial, or any bench trial and decision on those claims, as they would be dismissed.

In light of the unique circumstances posed by this complicated case, Plaintiff respectfully requests that the Court bifurcate the trial and continue the bench trial.

## II.   ISSUES OF LAW TO BE DETERMINED.

Plaintiff's counsel will work with counsel for the DOC Defendants to identify areas where the trial evidence could be streamlined, be it through stipulations, agreed-upon exhibits, or the use of prior testimony. With the joint pretrial memorandum, the parties will report on any such agreements, and on their estimates about the number of witnesses and length of trial. The anticipated evidence presented and length of trial depends in part on the Court's upcoming ruling on the parties' respective summary judgment motions. This is obviously true for any claims on which summary judgment will be awarded, since such claims will no longer need to be tried. It is also true, however, that even for claims that go forward, the answers to some legal questions will affect what kind of evidence is needed at trial. Examples include:

- The application of qualified immunity;
- Whether the limitations period will extend back to Mr. Reaves' arrival at Bridgewater State Hospital (as discussed above);
- With respect to the disability claims (ADA, Rehabilitation Act), whether Plaintiff is deemed to have adequately requested accommodations (or whether the need was so obvious that he did not need to do so);

- With respect to these same claims, whether certain items identified by Plaintiff (including access to the outdoors, indoor recreation, socialization with other prisoners, programs, education, and an adaptive telephone along with working hearing aids) are considered services, programs, or activities within the purview of these laws; and

- With respect to the due process claim, whether Plaintiff articulated a valid liberty interest.

Other questions of law have been submitted by Plaintiff today in the form of motions in limine. Plaintiff will also confer with DOC Defendants' counsel in an effort to resolve any questions that can be resolved by agreement. Unresolved issues will be reported to the Court in the pretrial memorandum or at the pretrial conference.

          Respectfully submitted,

          Plaintiff Timothy Reaves,
          By his attorneys,

          */s/ Joel H. Thompson*
          Lauren Petit, BBO #640410
          lpetit@plsma.org
          Joel H. Thompson, BBO #662164
          jthompson@plsma.org
          Prisoners' Legal Services of Massachusetts
          50 Federal Street, 4th Flr.
          Boston, MA 02110
          (617) 482-2773

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ *Joel H. Thompson*