UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY REAVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 15-40100 |
| DEPARTMENT OF CORRECTION, ET AL.,[1] ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANTS' SUBSEQUENT CONDUCT

Plaintiff Timothy Reaves, by and through the undersigned counsel, respectfully requests that this Court exclude any evidence of the DOC Defendants' offers of accommodations after the time period for which he seeks damages, and Plaintiff's response to those offers. Such evidence is not relevant to liability or to damages, and whatever minimal value it has is substantially outweighed by the risk of undue delay, confusing the issues, and unfair prejudice. Fed. R. Evid. 402, 403. In support of his motion, Plaintiff states as follows:

1. Plaintiff seeks damages based on the DOC Defendants'[2] conduct from January 20, 2011 to July 15, 2016, when this Court entered its decision on Plaintiff's Motion for a Preliminary Injunction (ECF No. 82). *See* Joint Pretrial Memorandum (ECF No. 254) at 1; Plaintiff's Trial Brief (ECF No. 249) at 4. The claims to be tried include claims against the DOC for failure to accommodate Mr. Reaves' disabilities. Joint Pretrial Mem. at 1. Plaintiff seeks damages for the events that occurred before July 15, 2016, not for anything that happened afterward.

---

[1] Thomas Turco, Carol Higgins O'Brien, Stephanie Collins, Pamela MacEachern, Michael Rodrigues, John Morin, Sheila Kelly, and Massachusetts Partnership for Correctional Healthcare.
[2] The jury trial concerning Plaintiff's damages claims involves a subset of the DOC Defendants: the Department of Correction, Stephanie Collins, Pamela MacEachern, and Michael Rodrigues.

1

2. The DOC Defendants seek to introduce evidence of events taking place after the Court's July 15, 2016 order. *See* Defendants' List of Witnesses (ECF No. 251) and Defendants' List of Exhibits (ECF No. 250). This includes witnesses whose only relevant interactions with Mr. Reaves came after that date, and exhibits concerning equipment acquired and/or other accommodations offered to Mr. Reaves after that date. *See, e.g.* Defendants' List of Exhibits at ¶¶ 8 – 16.

3. Such evidence has no relevance to any question of liability. What the DOC did, and how Plaintiff responded, after this Court's preliminary injunction order has no bearing on what it did beforehand.

4. The DOC Defendants submit that such evidence is relevant to the amount of Mr. Reaves' damages, even though Mr. Reaves does not seek damages for that period. Their contention is that Mr. Reaves' refusal of accommodations offered to him after July 15, 2016 is proof that he would have refused any accommodations if DOC had offered them to him during the five years before July 15, 2016, and therefore he was not damaged by DOC's failure to do so.

5. The Defendants' theory is completely speculative. There is no way to equate the two scenarios, which involve different facts and circumstances (not least of which is the absence of trust that comes with being denied said accommodations for years, and only seeing offers come after a court order). It cannot be said that Mr. Reaves would have refused timely accommodations simply because he may have not accepted other offers made years later. Such evidence is irrelevant to the question of Mr. Reaves' damages for failures that took place before the July 15, 2016 order.

6. Even if there were some remotely probative value to this evidence, it is outweighed by the risk of undue delay and confusion under Rule 403. First, the DOC's evidence will be

contested.  With respect to each post-July 15, 2016 accommodation that DOC alleges Plaintiff declined, the Plaintiff will have a response about the type of accommodation, the manner in which it was offered, and the ways in which the accommodation was not reasonable and why Plaintiff's position was justified.  The result will be a series of mini-trials about each separate accommodation, concerning outdoor access, shower access, programming, socialization, and other issues.  These mini-trials will extend the length of trial considerably.  The jury will have to decide  what happened as to each of these post-order events, drawing its attention further and further away from the period for which Plaintiff seeks to hold the Defendants accountable.  There is a high potential for confusion; jurors may begin to think that Plaintiff seeks damages for the Defendants' actions after the Court's preliminary injunction order, which he is not.  All of this delay and confusion is unjustified, particularly when it is sought only to support an unreasonably speculative theory about Plaintiff's lack of damages.

7. Such evidence is also prejudicial, as it seeks to put a gloss on the Plaintiff as a refuser of all things, regardless of time or circumstance.  Such prejudice is unfair because it attacks Plaintiffs character based on his response to events that took place after the period at issue.  Defendants should be limited to evidence about any refusals of accommodations that may have been offered before July 15, 2016.  Under Federal Rule of Evidence 407, the Plaintiff cannot use the Defendants' subsequent measures to prove their culpability.  The Defendants should not be permitted to use their subsequent measures to suggest that they are less culpable.  *See Raymond v. Raymond Corp.*, 938 F.2d 1518, 1523 (1st Cir. 1991) (interpreting Fed. R. Evid. 407; evidence of subsequent measures "distracts the jury from the relevant time frame for its inquiry").

Plaintiff does not seek to recover for any events occurring after the Court's preliminary injunction order. For the foregoing reasons, such evidence should be excluded.

>Respectfully submitted,
>
>Plaintiff Timothy Reaves,
>By his attorneys,
>
>  /s/ *Joel H. Thompson*
>Lauren Petit, BBO #640410
>lpetit@plsma.org
>Joel H. Thompson, BBO #662164
>jthompson@plsma.org
>Prisoners' Legal Services of Massachusetts
>50 Federal Street, 4th Flr.
>Boston, MA 02110
>(617) 482-2773

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ *Joel H. Thompson*