UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TIMOTHY REAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 15-40100 |
| DEPARTMENT OF CORRECTION, ET AL.,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR DIRECTED VERDICT

Plaintiff Timothy Reaves, by and through the undersigned counsel, hereby opposes the Defendants' Motion for Directed Verdict.  With respect to Counts IV (Rehabilitation Act), V (Article 114), VI (Conditions of Confinement), and VIII (Failure to Protect), there is a legally sufficient evidentiary basis to find for Plaintiff on those claims.  Fed. R. Civ. P. 50(a).  Defendants' Motion largely relies on the evidence that they elicited and disregards the evidence elicited by Plaintiff, most notably Plaintiff's own testimony, which is at odds with Defendants' testimony on several essential points.

With respect to Defendants' contention that, in order to recover under the Rehabilitation Act, the Plaintiff must prove a violation of his constitutional rights, *see* Motion at 3-4, that contention is misguided.  *U.S. v. Georgia*, 546 U.S. 151 (2006), held that Title II of the ADA abrogates sovereign immunity, and creates a private right of action for damages against states, to the extent that the state's conduct also violates the Fourteenth Amendment.  The Rehabilitation Act has no such qualifier on its abrogation of sovereign immunity.  *Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 33 (1st Cir. 2006), *cited in Cullinan v. Mental Health Management Correctional*

---

[1] Thomas Turco, Stephanie Collins, Pamela MacEachern, Michael Rodrigues, and Sheila Kelly.

*Services, Inc.*, No. 11-10593-JLT, 2012 WL 2178927 *1 (D.Mass. June 11, 2012) (Commonwealth waived sovereign immunity by accepting federal funds).

With respect to Defendants' contention that Count V (Article 114 of the Mass. Declaration of Rights) must be dismissed for lack of subject matter jurisdiction, this is not the case. A state statute's provision for where a claim may be brought does not trump the federal law on supplemental jurisdiction. *Rivera v. Commonwealth of Massachusetts*, 16 F.Supp.2d 84, 87 n. 4 (D.Mass. 1998) (state has no power to deprive federal court of supplemental jurisdiction over state law causes of action).

For these reasons and those previously presented in other filings, Defendants' Motion for a Directed Verdict should be denied.

> Respectfully submitted,
>
> Plaintiff Timothy Reaves,
> By his attorneys,
>
>   */s/ Joel H. Thompson*
> Lauren Petit, BBO #640410
> lpetit@plsma.org
> Joel H. Thompson, BBO #662164
> jthompson@plsma.org
> Prisoners' Legal Services of Massachusetts
> 50 Federal Street, 4th Flr.
> Boston, MA 02110
> (617) 482-2773

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ *Joel H. Thompson*