UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TIMOTHY REAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 15-40100 |
| DEPARTMENT OF CORRECTION, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM ON REMEDIES FOR THE UNCONSITUTIONAL CARE AND CONDITIONS OF INCARCERATION PLAINTIFF HAS BEEN AND CONTINUES TO BE SUBJECTED TO BY DEFENDANTS**

The Plaintiff's proposed remedy for the unconstitutional care and conditions of incarceration the Plaintiff has been and continues to be subjected to for the Department of Correction to transfer the Plaintiff to a non-prison hospital or medical facility.

The Department of Correction has at least two statutory mechanisms for moving the Plaintiff out of a prison into a location where constitutionally adequate care can be provided. The first authorizes the Department of Correction to transfer the Plaintiff to "an appropriate hospital or medical facility" where he can receive constitutionally adequate care. M.G.L. c. 127, § 117. The statute states in full:

> Whenever the physician of any state correctional facility certifies that any prisoner held therein requires medical, dental or other similar professional treatment which cannot safely or properly be given in such state correctional facility or the hospital at the Massachusetts Correctional Institution, Norfolk, the commissioner may temporarily place such person in an appropriate hospital or medical facility to receive such treatment.

Were the Plaintiff transferred pursuant to this statute, he would continue to serve his life sentence, as "any prisoner placed in a hospital or medical facility under section 117 ... shall, during his absence from the prison ... be considered as in the custody of the officer having charge

of the prison ... and the time of confinement in said hospital or medical facility shall be considered as part of the term of sentence." M.G.L. c. 127, § 119.

The Defendants' second option is the medical parole statute, M.G.L. c. 127, § 119A, which authorizes a prisoner's release on parole due to terminal illness or permanent incapacitation. The Plaintiff has filed a medical parole petition, which is presently being held in abeyance. The Department of Correction has told Plaintiff that they cannot issue a decision until he provides them with a feasible parole plan. The medical parole statute requires a medical parole plan, including the proposed site for treatment, M.G.L. c. 127, § 119A(a), and the Department of Correction has taken the position that the medical parole plan is entirely the responsibility of the Plaintiff. The Plaintiff has, as of this date, been unable to find an appropriate hospital or medical facility that would accept him, were he granted medical parole.[1]

If this Court were to order the Department of Correction to transfer the Plaintiff to a non-prison setting, either under M.G.L. c. 127, § 117, to continue serving his sentence at a hospital or medical facility, or under M.G.L. c. 127, § 119A, on parole from his sentence based on his permanent incapacitation, finding an appropriate facility where the Plaintiff will live will be necessary. While trying to put together a medical parole plan for his medical parole petition, the Plaintiff has been denied admission several hospitals and medical facilities, including Tewksbury Hospital, a Department of Public Health facility.

Mass. General Laws, chapter 127, section 151 states that the Commissioner of the Department of Public Health "shall, if he finds that such facilities are available, receive [a] discharged prisoner" who "at the expiration of his sentence is in such condition from body

---

[1] The Plaintiff and his counsel continue to actively search for a facility that will accept him as part of a medical parole plan, but Plaintiff does not agree with the Department of Correction's position that the parole plan is exclusively the responsibility of the Plaintiff.

2

infirmity or disease as to render his removal from a correctional institution inexpedient." If there are no such facilities available, Tewksbury Hospital is designated as the facility that must receive such a prisoner. M.G.L. c. 127, § 151. Should this Court choose to order the Department of Correction, pursuant to either M.G.L. c. 127, § 117 or § 119A, to transfer the Plaintiff to a non-prison hospital or medical facility that can provide constitutionally adequate care to him, it can also order the Department of Public Health to admit the Plaintiff to Tewksbury Hospital, as is required by M.G.L. c. 127, § 151.

It is clear that the Plaintiff has been and continues to be subjected to unconstitutional care and conditions of incarceration by the Defendants. These are some of the mechanisms by which the Defendants, by an order of this Court, can transfer the Plaintiff to a non-prison hospital or medical facility and remedy that deficit.

Respectfully submitted,

Plaintiff Timothy Reaves,
By his attorneys,

  */s/ Lauren Petit*
Lauren Petit, BBO #640410
lpetit@plsma.org
  */s/ Becky Schapiro*
Rebecca Schapiro, BBO #688781
bschapiro@plsma.org
  */s/ Peter Berkowitz*
Peter Berkowitz, BBO #600879
pberkowitz@plsma.org

Prisoners' Legal Services of Massachusetts
10 Winthrop Square, 3d Floor
Boston, MA 02110
(617) 482-2773

Date: June 13, 2019

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

   */s/ Lauren Petit*

Lauren Petit