UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY REAVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) NO. 15-40100 |
| DEPARTMENT OF CORRECTION, ET AL.,[1] | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR A STATUS CONFERENCE ON COMPLIANCE WITH THE COURT'S FINAL JUDGMENT**

Plaintiff respectfully requests that the Court schedule, at its earliest convenience, a status conference to address compliance with the Court's Order of judgment, entered August 1, 2019.

1. On July 30, 2019, this Court issued its Memorandum and Order, finding against Defendants on the Eighth Amendment claims for equitable relief based on Defendants' deliberate indifference to Mr. Reaves' serious medical needs. (Doc. 314) The Court found that Mr. Reaves is at risk of death in the Defendants' care, and ordered that he be transferred to an appropriate non-DOC facility immediately.

2. On August 1, the final judgment was entered on the docket. (Doc. 316)

3. On August 3, DOC transferred Mr. Reaves from MCI Shirley to the correctional unit at Lemuel Shattuck Hospital. This transfer does not comply with the Court's Order because it is still a DOC facility and because Shattuck Hospital does not have a spinal cord specialist to appropriately treat Mr. Reaves.

---

[1] Stephanie Collins and Sheila Kelly.

4. On August 19, this Court denied Defendants' motion to stay the judgment, reiterating the urgency of the need for the ordered relief. (Doc. 321)

5. On September 23, this Court denied Defendants' post-judgment motion for various forms of relief from the judgment. (Doc. 337) In their motion, Defendants had asserted that compliance with the judgment is impossible. (Doc. 326)

6. Plaintiff has sought placement in a state-run nursing facility in Connecticut that appears appropriate for his care, that has reviewed records provided to them by Plaintiff and his willing to consider him for admission. The facility will send three staff members to Lemuel Shattuck Hospital to meet with Mr. Reaves, Attorney Petit and some of Mr. Reaves' medical providers on October 4. Defendants have failed to provide the payment information specifically requested by 60 West, impeding their consideration of him as a patient.

7. As of the date of filing, nearly two full months after the Court ordered that Defendants immediately transfer Mr. Reaves, he remains at a DOC facility without the required expertise to care for his needs.

FOR THE ABOVE STATED REASONS, Plaintiff respectfully requests that this Court ALLOW this motion and schedule a status conference on compliance with the Court's Order at its earliest convenience.

Respectfully submitted,

Plaintiff Timothy Reaves,
By his attorneys,

  /s/ Lauren Petit
Lauren Petit, BBO #640410

lpetit@plsma.org
Rebecca Schapiro, BBO #688781
bschapiro@plsma.org
Peter Berkowitz, BBO #600879
pberkowitz@plsma.org

Prisoners' Legal Services of Massachusetts
50 Federal Street, 4th fl.
Boston, MA 02110
(617) 482-2773

Date: September 30, 2019

## CERTIFICATE OF CONFERENCE

I hereby certify that I attempted to confer with Attorney Edward O'Donnell in relation to this motion, by sending the motion and affidavit to him by electronic mail late in the day on Thursday, September 26, 2019 with a request to confer on Friday and by telephoning Attorney O'Donnell in the morning of September 30.  The timeliness of the motion requires filing expeditiously despite not having conferred with Attorney O'Donnell.


        /s/ Lauren Petit

Lauren Petit

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

        /s/ Lauren Petit

Lauren Petit