UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TIMOTHY M. REAVES, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 15-cv-40100-TSH |
| | ) | |
| DEPARTMENT OF CORRECTION, | ) | |
| ET AL., | ) | |
| Defendants. | ) | |

## COMMISSIONER OF CORRECTION CAROL MICI'S MOTION TO QUASH SUBPOENA DUCES TECUM AND FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 45(d)(3), Commonwealth of Massachusetts Commissioner of Correction Carol Mici hereby moves to quash the subpoena issued commanding her to appear and testify at the contempt hearing in the above-captioned action scheduled for April 8, 2020, and seeks a protective order. As the First Circuit Court of Appeals noted, "[t]his rule is based on the notion that '[h]igh ranking government officials have greater duties and time constraints than other witnesses' and that, without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation." Brogan v. City of Boston, 489 F.3d 417, 423 (1st Cir. 2007), citing United States v. Morgan, 313 U.S. 409, 422 (1941) ("practice of calling high ranking government officials as witnesses should be discouraged."). (citation omitted). This

Court is empowered to grant a protective order for "good cause shown." Fed. R. Civ. P. 26(c).  *See Brogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007).For these reasons, the subpoena should be quashed and a protective order issued for Commissioner Mici.

## BACKGROUND

Commissioner Mici has had little to no personal involvement in the Department of Correction's many and ongoing persistent attempts to find a placement for Reaves that complies with the court's order. All inmate placements are specifically delegated to the Reentry Division of the Department of Correction. In this case, when the search is for a medical placement, the search is undertaken in conjunction with the Department of Correction Health Services Division, along with the independent medical contractor, currently Wellpath. In Reaves' case, a second avenue of possible compliance was explored, the newly passed Criminal Justice Reform Act's creation of medical paroles. Commissioner Mici's only personal involvement in medical paroles is reviewing the application and supporting paperwork, and denying or approving medical parole. On March 20, 2020, Commissioner Mici granted Reaves a medical parole to the medical facility in Connecticut that Reaves proposed, the iCare Fresh River facility located at 96 Prospect Hill Road, East Windsor, CT 06088, provided that the Connecticut Board of Pardons and Paroles

confirms that the facility is an appropriate placement for him and sets any necessary conditions for his parole, as required by 501 CMR 17, <u>Medical Parole</u>, and confirmation of Reaves' eligibility to receive Connecticut Medicaid and/or Social Security Disability Income.  Having delegated the corresponding tasks to the appropriate individuals, Commissioner Mici has no personal knowledge to offer at the contempt hearing.

**ARGUMENT**

It has long been established that "in general, heads of agencies and other top government executives are normally not subject to deposition." *Church of Scientology of Boston v. Internal Revenue Service*, 138 F.R.D. 9, 12-13 (D. Mass. 1990) (barring plaintiff from obtaining deposition of senior IRS official where plaintiff has failed to show that the information sought is not available from an alternative source); *citing Simplex Time Recorder Co. v. Secretary of Labor*, 766 F.2d 575, 586-587 (D.C. Cir. 1985); *Peoples v. United States Dep't of Agriculture*, 427 F.2d 561, 567 (D.C.Cir. 1970); *Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979).  In 1941, the Supreme Court indicated that the "practice of calling high ranking government officials as witnesses should be discouraged." *Brogan*, 489 F.3d at 423, *citing United States v. Morgan*, 313 U.S. 409, 422 (1941).  Following *Morgan*, other courts have held that top government officials should not,

absent extraordinary circumstances, be called to testify or deposed regarding their reasons for taking official actions. *Id*. As the First Circuit Court of Appeals recently noted, "[t]his rule is based on the notion that '[h]igh ranking government officials have greater duties and time constraints than other witnesses' and that, without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation." *Brogan*, 489 F.3d at 423 (citation omitted). *See Church of Scientology*, 138 F.R.D. at 12 (The "rationale pursuant to this policy is that such officials must be free to conduct their jobs without the constant interference"). The limitation on calling high ranking government officials to testify is not absolute. *Brogan*, 489 F.3d at 423. Subpoenas of high ranking officials may be allowed where the official has first-hand knowledge related to the pending claim but "only where it is shown that other persons cannot provide the necessary information." *Brogan*, 489 F.3d at 423.

Applying these principles here, Commissioner Mici is a high-ranking government official. *See Bey v. City of New York*, 2007 WL 3010023, at 1-3 (S.D.N.Y. Oct. 15, 2007) (categorizing *former* commissioner of New York City Department of Corrections as high level official and entering a protective order to preclude deposition). *See also Brogan*, 489 F.3d at 423-424

(Mayor of City of Boston is a high ranking official).  As a high-ranking government official, Commissioner Mici is not subject to being subpoenaed "absent a demonstrated need." *Brogan*, 489 F.3d at 423.  The burden is on Reaves to make the showing of a "demonstrated need."  *Brogan,* 489 F.3d at 424. Reaves must show that Commissioner Mici has first-hand personal knowledge of matters pertaining to this litigation <u>and</u> that the information cannot be obtained from other sources.  *See Brogan*, 489 F.3d at 423-424 (affirming District Court's issuance of protective order prohibiting plaintiffs from deposing Mayor Menino where they did not pursue other sources to obtain relevant information before seeking to depose Mayor); *United States Parole Board v. Merhige*, 487 F.2d 25, 29 (4th Cir. 1973) (inmates could not depose parole board members because they failed to show "exceptional circumstances"); *Alexander v. Federal Bureau of Investigation*, 186 F.R.D. 1, 5 (D.D.C. 1998) (denying request for discovery of high ranking government officials because "there are other avenues of discovery that plaintiffs may pursue to establish their theory").

Reaves has failed to make such a showing in this case.  The Court should not allow Reaves to take Commissioner Mici away from her official duties at DOC especially during the State of Emergency caused by the Coronavirus Pandemic, and the attendant administrative burdens that the Commissioner is handling. *See*

*Pierce v. Submarine Signal Co.,* 25 F.Supp. 862, 863 (D. Mass. 1939) ("Ordinarily, 'fishing excursions' for the purpose of making out a case are frowned upon") (citation omitted).  The individuals who have personally been handling the issues related to finding a placement for Reaves that complies with the Court's Order will be appearing to testify at the April 8, 2020 contempt hearing. Relevant documents will be introduced, as well.

Reaves has made no showing that Commissioner Mici has information not known to the other witnesses, including defendant Stephanie Sullivan, who is the Assistant Deputy Commissioner of the Department of Correction Health Services Division. The subpoena issued for ADC Sullivan directs her to bring the exact same information to the proceeding.  Reaves should not be allowed to require Commissioner Mici to participate unless Reaves demonstrates that Commissioner Mici is the only person who can provide testimony on particular material issues in this litigation and that no less burdensome means is available to obtain the sought-after testimony. *See Church of Scientology*, 138 F.R.D. at 12, *citing Community Federal Savings and Loan Ass'n v. Federal Home Loan Bank Board*, 96 F.R.D. 619, 621 (D.D.C. 1983); *American Broadcasting Companies, Inc. v. United States Information Agency*, 599 F.Supp. 765, 769 (D.D.C. 1984); *Union Savings Bank v. Saxon*, 209 F.Supp. 319 (D.D.C. 1962); *United States v. Miracle Recreation Equipment Co.*, 118

F.R.D. 100, 105 (S.D. Iowa 1987).  Not having personal knowledge of the attempts, Commissioner Mici is not a percipient witness and her attendance as a witness wastes her valuable time.

WHEREFORE, Plaintiff Reaves' subpoena duces tecum should be quashed, and any plaintiff should be required to make an offer of proof prior to serving a subpoena on Commissioner Mici.


Respectfully submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

Dated: April 6, 2020

_/s/Edward J. O'Donnell_____
Edward J. O'Donnell, Counsel
BBO No. 561866
Legal Division
Bridgewater State Hospital
20 Administration Road
Bridgewater, MA 02324
(508) 279-4542
edward.j.o'donnell@doc.state.ma.us


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated:   April 6, 2020

/s/Edward J. O'Donnell_____
Edward J. O'Donnell, Counsel