UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **TIMOTHY M. REAVES,** )<br>Plaintiff, )<br>)<br>v. )<br>)<br>**DEPARTMENT OF CORRECTION;** )<br>**COMMISSIONER CAROL HIGGINS** )<br>**O'BRIEN; DEPUTY SUPERINTENDENT** )<br>**MICHAEL RODRIGUES; DEPUTY** )<br>**SUPERINTENDANT PAMELA** )<br>**MACEACHERN; ASSISTANT DEPUTY** )<br>**COMMISSIONER STEPHANIE COLLINS;** )<br>**and DEPUTY SUPERINTENDENT JOHN** )<br>**MORIN,** )<br>Defendants. )<br>) | **CIVIL ACTION**<br>**NO. 15-cv-40100 -TSH** |

### ORDER ON PLAINTIFF'S MOTION FOR CONTEMPT (Docket No. 365)

### MARCH 23, 2021

**HILLMAN, D.J.,**

Before the Court is Timothy M. Reaves' ("Plaintiff'") motion to hold the Massachusetts Department of Correction ("DOC") in contempt for failure to comply with this Court's July 31, 2019 Order.[1] (Docket No. 365).

Plaintiff is serving a life sentence without the possibility of parole for first-degree murder on a theory of joint venture. *See Commonwealth v. Reaves*, 750 N.E.2d 464, 466 (Mass. 2001).

---

[1] The July 31, 2019 Order has not been stayed, but it is the subject of pending appeals before the First Circuit Court of Appeals. USCA Case Nos. 19-2089, 20-01433.

He was involved in a high-speed motor vehicle collision during the criminal offense, and was diagnosed with paraplegia, traumatic brain injury and personality disorder, and hearing loss. (Docket No. 315 at 2). During Plaintiff's twenty-four years of incarceration at various DOC prisons, his health, mobility, and ability to perform basic tasks and movements have deteriorated significantly as the result of constitutionally deficient medical care. (*Id*. at 9-18). On July 31, 2019, I ordered that Plaintiff be immediately transferred to a non-DOC facility that treats spinal cord injuries and that has a spinal cord injury specialist on staff with the appropriate medical training to care for his medical needs. (Docket No. 365).

I find that Plaintiff's motion for contempt is moot because his actions have prevented the DOC from complying with the July 31, 2019 Order. After I issued the Order, the DOC transferred Plaintiff from MCI Shirley to the correctional wing of Lemuel Shattuck Hospital— which is a skilled nursing facility designed for short-term occupancy with no spinal cord injury experts on staff— while it searched for a suitable permanent placement that complied with the Order's requirements. (*Id*. at 1). Given Plaintiff's complicated medical needs, criminal history, and the security and logistical measures required to medically parole a person with a first-degree murder conviction to another state, the parties report that it has been understandably difficult to locate and facilitate Plaintiff's transfer to a suitable facility.

Last year, the parties identified one non-DOC facility in Connecticut which agreed to accept Plaintiff, was agreeable to the Plaintiff, and that has a nearby spinal cord injury specialist who can provide him with appropriate care on an outpatient basis. (Docket Nos. 365-1, 365-2 at ¶¶ 10-11). To facilitate Plaintiff's transfer, the DOC granted Plaintiff medical parole, but

Plaintiff has since refused to take the necessary financial steps to place his funds in a Special Needs Trust and has indicated he no longer consents to move to the Connecticut facility.[2]

To prove civil contempt, "a movant must show that (1) the alleged contemnor had notice of the order, (2) "the order was clear and ambiguous," (3) the alleged contemnor "had the ability to comply with the order," and (4) the alleged contemnor violated the order." *United States v. Saccoccia*, 433 F.3d 19, 27 (1st Cir. 2005). As circumstances currently stand, the DOC cannot comply with the Order because of Plaintiff's actions stalling his transfer to the Connecticut facility, nor has Plaintiff shown by clear and convincing evidence that there is another means by which the DOC could comply with the Order. *Hawkins v. Dep't of Health and Human Services for New Hampshire*, 665 F.3d 25, 29 (1st Cir. 2012).

Plaintiff's Motion for Contempt (Docket No. 365) is **_denied, without prejudice_**. I recognize that there have been multiple developments in Plaintiff's case since he filed this motion, and Plaintiff may renew this motion if he so chooses.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff's counsel has made representations to this effect in status hearings on October 19, 2020 (Docket No. 401); November 6, 2020 (Docket No. 402); December 4, 2020 (Docket No. 403); December 17, 2020 (Docket No. 405); and January 26, 2021 (Docket No. 408.). Plaintiff also informed the Court by letter on December 31, 2020 that he did not wish to be sent to the Connecticut facility, which is the only non-DOC facility willing to accept him that either party has identified. (Docket No. 406).